UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.

Oliver Christopher Ingram,

    Defendant.
    _____/

Case No. 10-20565

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 [41] AND DENYING DEFENDANT'S MOTION TO STAY [49]**

This matter comes before the Court on Defendant's motion to vacate his sentence under 28 U.S.C. § 2255 and his subsequent motion to stay the Court's ruling on his § 2255 petition. For the reasons stated below, Defendant's motions are DENIED.

**I. Background**

On November 7, 2011, Defendant pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The Court sentenced Defendant to a term of 151 months. Because Defendant had several prior controlled substance offense convictions, the Court applied the Sentencing Guidelines enhancement under § 4B1.1. On April 25, 2016, Defendant filed this motion to vacate his sentence under 28 U.S.C. § 2255.[1]

**II. Standard**

To obtain relief under § 2255, Petitioner must show: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without

---

[1] Defendant previously sought permission to file a second or successive § 2255 motion. Because he had not filed a first § 2255 motion, the Sixth Circuit denied Defendant's request as unnecessary and transferred the case back to this Court. (Dkt. 47.)

jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

**III. Analysis**

Defendant argues that his sentence should be vacated in light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held that the violent felony residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S. Ct. at 2557-63. Here, however, Defendant was not sentenced under the residual clause invalidated by *Johnson*. Rather, Defendant's sentence was enhanced due to prior "controlled substance offenses," as defined in § 4B1.2(b) of the Sentencing Guidelines. And while the Sixth Circuit has extended the holding in *Johnson* to the identically-worded residual clause of § 4B1.2(a)(2), *see United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016),[2] several courts in this Circuit agree that the controlled substance provision remains unaffected. *See, e.g.*, *Garza v. United States*, Nos. 14-20177, 16-12402, 2016 WL 3682911, at *2 (E.D. Mich. July 11, 2016) (noting that the defendant's prior conviction was "a controlled substance offense, which was unaffected by *Johnson*"); *United States v. Fisher*, Nos. 5:07-41, 5:16-238, 2016 WL 3906644, at *2-3 (E.D. Ky. July 14, 2016) (finding *Johnson* inapplicable to the defendant's situation where his sentence was enhanced in part for prior controlled substance offenses); *Dowlin v. United States*, No. 3:16-00676, 2016 WL 3905672, at *3 (M.D. Tenn. July 19, 2016) ("The *Johnson* decision does not call into question the definition

---

[2] As noted below, however, this question is currently pending before the Supreme Court. *See Beckles v. United States*, No. 15-8544.

of 'controlled substance offense' under the Career Offender guideline."). The Court concludes that Defendant's sentence is unaffected by *Johnson.*

In addition, contrary to Defendant's argument, Defendant's prior convictions properly qualified under § 4B1.2(b)'s definition of "controlled substance offense," which requires an offense to be punishable by imprisonment for a term exceeding one year—not ten years, as required to qualify under 18 U.S.C. § 924(e) as a "serious drug offense." Finally, Defendant's request for a hearing on his § 2255 motion is denied. A hearing is not warranted here, as the "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

### IV. Motion to Stay

Defendant requests that the Court stay its ruling on his § 2255 petition pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544. In *Beckles*, the Supreme Court will consider whether the holding in *Johnson* applies to the violent felony residual clause of the Sentencing Guidelines, § 4B1.2(a)(2). Defendant's sentence was not enhanced under the residual clause of § 4B1.2(a)(2) and thus is unlikely to be affected in by the decision in *Beckles* in any way. Accordingly, a stay is not appropriate.

### V. Conclusion

For the above-stated reasons, Defendant's motions are DENIED.

SO ORDERED.

        S/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: August 9, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 9, 2016, by electronic and/or ordinary mail.

                         S/Carol J. Bethel
                         Case Manager