**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OLIVER CHRISTOPHER INGRAM,

    Defendant.
_____/

Criminal Case No. 10-20565

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S EMERGENCY
MOTION FOR COMPASSIONATE RELEASE [54]**

Pending before the Court is Defendant's *pro se* Motion for Compassionate Release. (ECF No. 54.) Defendant requests that pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A) the Court resentence him to a sentence of imprisonment of time served, or alternatively, convert the remainder of his sentence to a term of supervised release. Defendant contends his health condition and age constitute extraordinary and compelling circumstances justifying this relief in the wake of the COVID-19 pandemic. The government opposes the requested relief and has filed a response. (ECF No. 59.) The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary. For the reasons set forth below, the Court **DENIES** Defendant's motion.

**I.    BACKGROUND**

On November 7, 2011, Defendant pled guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a). The criminal charge arose from the execution of a search warrant at the Defendant's house after Defendant allegedly sold heroin to an undercover ATF Agent. In executing the search warrant, officers recovered

1

heroin, packaging materials, scales, and two firearms, among other items. Defendant was detained pending trial. (*See* ECF Nos. 5,19.).

On February 15, 2012, the Court sentenced Defendant to be imprisoned for a term of 151 months. Defendant is currently confined at FCI Elkton. Defendant's projected release date is July 4, 2021.

Defendant is 51 years old. According to the Government, he suffers from various health issues, most notably stage 2 chronic kidney disease, obesity and hypertension. Defendant contends his health conditions place him in the COVID-19 highest-risk category. And the Government appears to agree with Defendant's assessment of his health.

On April 23, 2020, Defendant submitted a request to the BOP for compassionate release due to his health issues and the COVID-19 pandemic. According to the Government, on May, 6, 2020, the BOP denied Defendant's request, determining that he did not meet the criteria for a compassionate release or a reduction in sentence. The Government states that Defendant satisfied the exhaustion requirements of § 3582(c)(1)(A).

Defendant now moves for compassionate release in this Court. According to the Government, Defendant became infected with COVID-19 after filing his motion. The Government explains that all inmates at FCI Elkton were tested for COVID-19 in late May 2020. On June 30, 2020, Defendant was moved to isolation after receiving a positive COVID-19 test even though he was asymptomatic. He was monitored throughout the period of his infection and remained asymptomatic before testing negative on July 9,

2020. Notwithstanding Defendant's intervening infection, the motion has been fully briefed and is ripe for consideration.

**II. ANALYSIS**

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus in order to obtain relief under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must satisfy the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence or compassionate release. In addition to this showing, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and determine whether a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In his motion, Defendant states that his health conditions and age in the wake of the COVID-19 pandemic are extraordinary and compelling circumstances warranting compassionate release under § 3582(c). Although Defendant does not address the issue, the Government states that Defendant exhausted the statutory prerequisites for seeking

3

this relief. The Government also concedes that Defendant's health conditions could constitute an extraordinary and compelling circumstance in the wake of the COVID-19 pandemic.[1] The Government argues, however, that Defendant is not entitled to release under § 3582(c) because he poses a continued danger to the community. The Government further contends that notwithstanding Defendant's health conditions and the threat of COVID-19, consideration of the § 3553(a) factors supports denying the motion. Having considered the record in its entirety, the Court agrees the Government's position under the facts and circumstances presented here.

As an initial matter, it is not clear from the record that Defendant exhausted his administrative remedies prior to filing the instant motion. To demonstrate exhaustion in the compassionate-release context, a defendant must have "fully exhausted all administrative rights to appeal" the BOP's decision not to move for compassionate release on his behalf, or waited for the lapse of 30 days from the date the facility's warden received his request asking the BOP to move for compassionate release, whichever comes first. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). Here, on April 23, 2020 Defendant submitted his request for compassionate release to the BOP, and on May 6, 2020 the BOP denied Defendant's request. Defendant's motion is dated April 27, 2020, which means it was filed before the BOP

---

[1] The Government implicitly argues that because Defendant was already infected with COVID-19 and was fine, Defendant's medical conditions should not be considered an extraordinary and compelling circumstance to warrant compassionate release. In support of this argument, the Government points to Judge Goldsmith's decision in *United States v. Bland*, Case No. 18-20555 (E.D. Mich. May 28, 2020) finding that ([t]he risk of contracting COVID-19 a second time and potentially developing a more severe response is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission." *See Bland*, Case No. 18-20555 (denying compassionate release to an inmate who "tested positive for COVID-19 ... experienced mild symptoms, recovered, and was released back to his unit"). The Court declines to address this argument because it is not necessary to resolve Defendant's motion.

denied his request. Thus it appears Defendant failed to properly exhaust his administrative remedies prior to seeking relief in this Court.

Notwithstanding, and assuming Defendant can establish that his health conditions constitute an extraordinary circumstance, Defendant is not entitled to compassionate release because he fails to establish that he is not a danger to the community under 18 U.S.C. § 3142(g). In order to be entitled to compassionate release, a defendant must "not be a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13. 18 U.S.C. § 3142(g) outlines factors to be considered when determining whether a defendant presents a danger to the safety of any other person and the community:

- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

- (2) the weight of the evidence against the person;

- (3) the history and characteristics of the person, including

    - (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    - (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

- (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and

> shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g). The Government argues that, applying these factors, Defendant is a danger to the community. The Court agrees. The Court previously found that these factors warranted Defendant's detention pending trial. (*See* ECF No. 19.) Defendant was convicted of serious drug distribution charges. When he was arrested, he was found in possession of two firearms, one of which being an AK-47 assault rifle. And as Defendant has previously acknowledged, he has an extensive criminal history. Based on the Court's intimate knowledge of this case and Defendant's history and characteristics, the Court finds that Defendant fails to establish that he is not a danger to the community.

Finally, the Court finds that consideration of the factors set forth in § 3553(a) weighs against granting the requested relief. The nature and circumstances of Defendant's offense are serious, and that one factor weighs against granting compassionate release. *See* § 3553(a)(1). Moreover, the Court finds that releasing Defendant to home confinement at this point and under these circumstances would not be consistent with the other § 3553(a) factors. The Court finds that the statutory goal of imposing punishment would not be satisfied by releasing Defendant to home confinement at this point. And as discussed, there is no evidence that Defendant no longer poses a continued danger to the community. Thus granting the requested relief would be inconsistent with and not supported by the § 3553(a) factors.

### III. CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

    <u>s/Nancy G. Edmunds</u>
    Nancy G. Edmunds
    United States District Judge

Dated: August 24, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2020, by electronic and/or ordinary mail.

    <u>s/Lisa Bartlett</u>
    Case Manager